IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| JOSEPH PEREA, | ) |
| | ) |
| Plaintiffs, | ) |
| v. | ) |
| | ) Case No.: 14-_____ |
| AVMED, INC., d/b/a AvMed, | ) |
| a Florida Non-Profit Corporation, | ) |
| | ) |
| Defendant. | ) |
| | ) |

## DEFENDANT AVMED, INC.'S NOTICE OF REMOVAL

Defendant AvMed, Inc. ("AvMed"), by counsel, hereby removes this civil action, pursuant to 28 U.S.C. § 1441, to the United States District Court for the Southern District of Florida from the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, on the following grounds:

### I.   INTRODUCTION

1. In this action, Plaintiff seeks compensatory and punitive damages, injunctive relief, and attorneys fees, based on a variety of claims arising from the theft of laptop computers containing his protected health information ("PHI"), social security number, medical information and other confidential information  (collectively, "Sensitive Information") from the corporate office of AvMed, a health plan.

2. AvMed was served with the Complaint on June 9, 2014.  AvMed has attached as Exhibit 1 a copy of all process, pleadings and orders served upon it in accordance with 28 U.S.C. §1446(a).

## II. THE PARTIES

3. Defendant AvMed is a Florida corporation headquartered in Miami, Florida. (*See* Compl., ¶ 8.)

4. The named Plaintiff alleges that he is a resident of Miami-Dade County, Florida. (*See id.*, ¶ 5.)

## III. PLAINTIFF'S ALLEGATIONS

5. AvMed offers health plans to businesses and individuals throughout Florida and nationwide. (Compl., ¶ 8.)

6. On December 10, 2009, two laptop computers containing the Sensitive Information of AvMed members were stolen from AvMed's corporate office in Gainesville, Florida. (*Id.*, ¶ 23.)

7. AvMed ultimately notified 1.2 million current and former AvMed members that their PHI was potentially compromised. (*Id.*, ¶¶ 27-30.) AvMed advised that it had arranged to provide two years of identity protection, at no cost to those persons. (*Id.* ¶¶58-61.)

8. The Plaintiff alleges that he is a current or former AvMed member whose Sensitive Information was "compromised" as a result of the theft of the laptops. (*Id.*, ¶¶ 7, 76.)

9. The theft of the laptops led to the filing of a class action lawsuit in this district that was settled recently and afforded relief to two sub-classes of AvMed members comprising approximately 1.2 million potential settlement class members. *See Resnick v. AvMed*, No. 10-24513-JLK (S.D. Fla.).

10. The Plaintiff in the instant action had been eligible to participate in the *Resnick* class settlement, approved on February 28, 2014 by the Honorable James Lawrence King, but he affirmatively opted out of the settlement class. (*See Resnick*, at Dkt. # 91 (Order Granting Final Approval of Class Action Settlement Agreement).) The instant action arises out of the same

incident — the alleged identity theft purportedly arising out of the December 2009 theft of AvMed's laptops — and asserts most of the same claims that were asserted by the Plaintiff in the *Resnick* class action.[1]

11. In his Complaint, the Plaintiff focuses primarily on allegations that the third-party theft of laptops from AvMed's corporate headquarters and AvMed's alleged failure to encrypt the Sensitive Information on those laptops constituted violations by AvMed of the Health Insurance Portability & Accountability Act ("HIPAA"), 42 U.S.C. § 1301 *et seq*. (*Id*., ¶¶ 64-68.) For example, Plaintiff alleges:

    a.    "AvMed's data breach resulted from a combination of insufficiencies that indicate Defendant did not comply with safeguards mandated by HIPAA regulations and industry standards.  First, it can be inferred from AvMed's data breach that Defendant either failed to implement, or inadequately implemented, information security policies or procedures prohibiting storing Sensitive Information on portable computers (such as laptops) and/or information security policies or procedures in place regarding encrypting or protecting Sensitive Information." (*Id*., ¶ 65.)

    b.    "AvMed's data breach could have been prevented if AvMed implemented HIPAA mandated, industry standard policies and procedures for securely disposing of Sensitive Information when it was no longer necessary and/or had honored its obligations to its members." (*Id*., ¶ 66.)

12. Plaintiff further alleges that AvMed violated several of the HIPAA's implementing regulations by, for example:

---

[1] Accordingly, AvMed has designated this action as related to the *Resnick* matter.

    a.    "Failing to ensure the confidentiality and integrity of electronic protected health information it create[s], receives, maintains, and transmits in violation of 45 CFR 164.306(a)(1)." (*Id.*, ¶ 68(e).)

    b.    "Failing to implement technical policies and procedures for electronic information systems that maintain electronic protected health information to allow access only to those persons or software programs that have been granted access rights in violation of 45 CFR 164.312(a)(1)." (*Id.*, ¶ 68(g).)

    c.    "Failing to implement technical policies and procedures that govern the receipt and removal of hardware and electronic media that contain electronic protected health information into and out of a facility to maintain their security in violation of 45 CFR 164.310(d)(1); Failing to implement policies and procedures to prevent, detect, contain, and correct security violations in violation of 45 CFR 164.308(a)(1)." (*Id.*, ¶ 68(h).)

    d.    "Failing to identify and respond to suspected or known security incidents; mitigate, to the extent practicable, harmful effects of security incidents that are known to the covered entity in violation of 45 CFR 164.308(a)(6)(ii)." (*Id.*, ¶ 68(i).)

    e.    "Failing to protect against any reasonably anticipated threats or hazards to the security or integrity of electronic protected health information in violation of 45 CFR 164.3069(a)(2)." (*Id.*, ¶ 68(j).)

    f.    "Failing to protect against any reasonably anticipated uses or disclosure of electronic protected health information that are not permitted under the privacy rules regarding individually identifiable health information in violation of 45 CFR 164.306(a)(3)." (*Id.*, ¶ 68(k).)

    g.    "Failing to ensure compliance with the HIPAA security standard rules by its workforce in violation of 45 CFR 164.306(a)(94)." (*Id.*, ¶ 68(l).)

    h.    "Impermissibly and improperly using and disclosing protected health information that is and remains accessible to unauthorized persons in violation of 45 CFR 164.502 et seq." (*Id.*, ¶ 68(m).)

    i.    "Failing to effectively train all members of its workforce (including independent contractors involved in the data breach) on the policies and procedures with respect to protected health information as necessary and appropriate for the members of its workforce to carry out their functions and to maintain security of protected health information in violation of 45 CFR 164.530(b) and 45 CFR 164.308(a)(5)." (*Id.*, ¶ 68(n).)

    j.    "Failing to design, implement, and enforce policies and procedures establishing physical and administrative safeguards to reasonably safeguard protected health information, in compliance with 45 CFR 164.530(c)." (*Id.*, ¶ 68(o).)

13. Plaintiff included four counts in his Complaint. Like the general factual allegations, the counts rely on alleged violations of HIPAA and its implementing federal regulations:

    a. <u>Count I</u> (negligence): Plaintiff alleges that AvMed had a "duty to have procedures in place to detect and prevent the improper access and misuse of Plaintiff's Sensitive Information" and that AvMed breached that duty by "failing to exercise reasonable care in safeguarding such information by adopting, implementing, and maintaining appropriate security measures and encryption." (*Id.*, ¶¶ 73, 77.)

    b. <u>Count II</u> (breach of contract): Plaintiff alleges that AvMed "promised to comply with all HIPAA standards and to make sure that Plaintiff's health information was protected," and that it "did not comply with its promise to abide by HIPAA." (*Id.*, ¶¶ 82, 84.)

    c. <u>Count III</u> (breach of implied contract): Plaintiff alleges that he and AvMed "entered into implied contracts whereby Defendant was obligated to take reasonable steps to secure and safeguard [his Sensitive] information," (*id.*, ¶ 94), and that AvMed breached the implied contracts by violating 12 specific HIPAA implementing regulations (*id.*, ¶¶ 97(c)-(m).)

    d. <u>Count IV</u> (unjust enrichment): Plaintiff alleges that AvMed "failed to implement or inadequately implemented policies to secure sensitive information." (*Id.*, ¶ 104.)

14. Plaintiff seeks several forms of relief, including an order requiring AvMed to comply with HIPAA:

    a.    Plaintiff requests that the Court "[a]ward injunctive and other equitable relief . . . including, *inter alia*: (i) an order prohibiting AvMed from engaging in the wrongful and unlawful acts described herein; and (ii) requiring AvMed to protect all data collected through the course of its business in accordance with HIPAA and industry standards." (*Id*., Prayer for Relief ¶ C.)

    b.    Plaintiff requests that the Court "[a]ward damages, including statutory damages where applicable and punitive damages, to Plaintiff in an amount to be determined at trial." (*Id*., Prayer for Relief ¶ D.)

    c.    Plaintiff requests that the Court "[a]ward restitution for any identity theft, including but not limited to payment of any other costs, including attorneys' fees incurred by the victim in clearing the victim's credit history or credit rating, or any costs incurred in connection with any civil or administrative proceeding to satisfy any debt, lien, or other obligation of the victim arising as the result of the Defendant's actions." (*Id*., Prayer for Relief ¶ E.)

    d.    Plaintiff requests that the Court "[a]ward Plaintiff his reasonable litigation expenses and attorneys' fees." (*Id*., Prayer for Relief ¶ H.)

### IV.    FEDERAL QUESTION JURISDICTION EXISTS

15.    This Court also has jurisdiction over Plaintiff's claims against AvMed under 28 U.S.C. § 1331 because Plaintiff's state law claims turn on substantial questions of federal law.

16.    The Supreme Court has held that "a federal court [is] able to hear claims recognized under state law that nonetheless turn on substantial questions of federal law, and thus justify resort to the experience, solicitude, and hope of uniformity that a federal forum offers on

6

federal issues." *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005). The absence of a federal private right of action is not dispositive of the question whether federal question jurisdiction exists. *Id*. at 1302-03.

17. As demonstrated in Paragraphs 11 through 14(a) above, the central question raised by each of Plaintiff's claims is whether AvMed violated HIPAA and its associated regulations. The common-law and contractual duties that Plaintiff alleges AvMed breached arise from HIPAA. Thus, this case will turn on the question of what exactly HIPAA demands of health plans in terms of data protection and the confidentiality of PHI.

18. Further, the correct interpretation of some of these federal provisions is still something of an open question. Determining, for instance, whether particular HIPAA regulations mandated encryption of AvMed laptops (as Plaintiff alleges), and whether AvMed complied with applicable HIPAA requirements will require a court to interpret this federal statutory and regulatory framework.

19. For instance, crucial to Plaintiff's claims is his theory that 45 C.F.R. § 164.312 "Technical Safeguards" — specifically subsection (a)(1) "Access Control" — *requires* encryption of laptops, even though encryption is only an "addressable" (and not a "required") specification. Thus, how and whether HIPAA applies here will be a highly disputed issue requiring the Court to interpret various individual HIPAA regulations and the way in which those regulations work together. Whichever court ultimately presides over this case will be required to determine exactly what these federal provisions demand of health plans. Such decisions will have a profound effect on all HIPAA-covered entities throughout the United States.

20. Because "resolution of this case depends entirely on interpretation of the federal" provision, federal question jurisdiction exists. *See Ayres v. Gen. Motors Corp.*, 234 F.3d 514, 518 (11th Cir. 2000); *see also Adventure Outdoors, Inc. v. Bloomberg*, 552 F.3d 1290, 1300

(11th Cir. 2008) (where "the meaning of the relevant federal law is unclear," federal question jurisdiction may exist).

21.     This Court need not break new ground in considering whether federal question jurisdiction exists over these claims. As noted above, the Complaint asserts claims that are substantively the same as those in another case that AvMed successfully removed to this Court. *See Resnick v. AvMed*, No. 10-24513-JLK (S.D. Fla.), at Dkt. # 1 (Notice of Removal). Just like the plaintiffs in *Resnick*, the Plaintiff in this action relies on the same HIPAA provisions as the basis for arguing that AvMed breached its common law and contractual duties to the Plaintiff. Thus, this Court has federal question jurisdiction over this case, just as it did over *Resnick*.

## V. REMOVAL IS PROPER

22.     The United States District Court for the Southern District of Florida is the federal judicial district embracing the Circuit court of the Eleventh Judicial Circuit in and for Miami-Dade County, where the suit was originally filed. *See* 28 U.S.C. § 89(c). Venue is therefore proper in this Court under 28 U.S.C. § 1441(a).

23.     This Court has original jurisdiction pursuant to 28 U.S.C. § 1331, and removal of this action to this Court is proper pursuant to § 1441.

24.     As noted above, AvMed has attached a copy of all process, pleadings and orders served upon it, in accordance with 28 U.S.C. §1446(a) as Exhibit 1.

25.     This Notice is being filed within 30 days after AvMed was served with the Complaint and, therefore, is timely filed pursuant to 28 U.S.C. § 1446(b).

26.     Pursuant to 28 U.S.C. §1446(d), undersigned counsel certifies that the Notice of Removal will be served promptly on Plaintiff and will be filed with the Clerk of the Court of the Eleventh Judicial Circuit in and for Miami-Dade County. A copy of the Notice being filed with the Clerk of the Court of the Eleventh Judicial Circuit is attached hereto as Exhibit 2.

WHEREFORE, AvMed removes this action to the United States District Court for the Southern District of Florida.

Dated: June 30, 2014

          Respectfully submitted,

**HUNTON & WILLIAMS LLP**
1111 Brickell Avenue, Suite 2500
Miami, FL  33131
Telephone:  (305) 810-2500
Facsimile:  (305) 810-2460
Email:  jdelionado@hunton.com
Email:  plima@hunton.com

By: /s/ John J. Delionado
John J. Delionado
Florida Bar No. 499900
Paulo R. Lima
Florida Bar No. 0064364

*Counsel for Defendant AvMed, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on June 30, 2014, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and served a copy of the foregoing on the Plaintiff, an attorney admitted to practice in Florida, via facsimile and U.S. Mail, at the address listed below:

**ATTORNEY AND *PRO SE* PLAINTIFF:**

Joseph Perea
P.O. Box 961383
Miami, FL 33296
Fax: 888-229-4968
Email:  perealaw@gmail.com

                                       /s/  John J. Delionado
                                       For Hunton & Williams LLP